IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                      :        CASE NO. 01-06388

JOSE HERNANDEZ AMADOR;
ELSA COCA MIR CORREA,                       :        CHAPTER 13

    Debtors
_____
 
JOSE HERNANDEZ AMADOR;
ELSA COCA MIR CORREA,                       :        ADVERSARY NO. 07-00337

    Plaintiffs                              :

vs.                                         :

BANCO SANTANDER PUERTO RICO
ET ALS,                                     :

    Defendant
_____

OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed by Banco Santander Puerto Rico (the "Defendant") on September 3, 2008 (Docket No. 13) alleging that this action is barred by the doctrine of *res judicata* (claim preclusion) and alternatively by the lack of joinder of an indispensable party. José Hernández Amador and his wife Elsa Coca Mir Correa (the "Plaintiffs") filed an opposition to the motion to dismiss on October 10, 2008 (Docket No. 40 in lead case). For the reasons set forth below the motion to dismiss is denied.

Facts and Procedural Background

Plaintiffs Jose Francisco Hernandez Amador and Elsa Coca Mir Correa filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on June 1, 2001. Banco Santander was scheduled as an unsecured creditor and included in the master address list. Banco Santander was duly notified of the filing of the bankruptcy case. The 341 meeting of the creditors was held on June 13, 2001.

On July 17, 2001, Banco Santander filed a proof of claim. [1] Debtor's chapter 13 plan was

---

[1] The claims register shows that Banco Santander de Puerto Rico filed an unsecured claim in the amount of $20, 238.79, claim number 17-1.

confirmed on January 24, 2002, and completed on August 15, 2006. [2] The discharge order was entered on March 26, 2007, and the case was closed on the same date.

On December 7, 2007, Plaintiffs filed an adversary proceeding against PRAMCO CV7, LLC, et als (Adversary Number 07-00336). In the complaint Plaintiffs allege that PRAMCO violated the discharge injunction provisions of the Bankruptcy Code, 11 U.S.C. § 524 (a) and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c (a)(2) and 1692(f)(1) ("FDCPA"). The Plaintiffs contend that PRAMCO willfully violated the discharge injunction by incurring in the following actions: (i) continuing its collection efforts to collect on the discharged debt; (ii) Defendant sending a written statement sometime in April of 2007 informing Plaintiffs that their debt (obligation) was sold to PRAMCO CV7, LLC ("PRAMCO") and requesting that all payments be sent to PRAMCO; and (iii) sending a letter jointly with Defendant to Plaintiffs on April 2007 informing the same that the payments had to be made payable to PRAMCO. On May 8, 2008 the Plaintiffs and PRAMCO filed a Joint Stipulation of Voluntary Withdrawal of Complaint (Docket No. 15) pursuant to Rule 7041 of Bankruptcy Procedure, dismissing the case against PRAMCO with prejudice. No further details of the settlement were provided by the parties.

On December 7, 2007, Plaintiffs filed the present adversary proceeding alleging that Defendant willfully violated the discharge injunction provisions of the Bankruptcy Code, 11 U.S.C. §524 (a) by incurring in the following actions: (i) selling and transferring a discharged debt without notice of its discharged status; (ii) sending a written statement sometime in April of 2007 informing Plaintiffs that their debt (obligation) was sold to PRAMCO CV7, LLC ("PRAMCO") and requesting that all payments be sent to PRAMCO; and (iii) Defendant and PRAMCO jointly sending a letter to Plaintiffs also on April 2007 informing the same that the payments had to be made payable to PRAMCO. Plaintiffs allege that on or about March 30, 2007, Defendant sold, transferred, assigned or conveyed Plaintiffs' debt to PRAMCO despite the fact it was already discharged on the Plaintiffs' bankruptcy case. The complaint against Defendant also includes allegations which state that

---

[2] The bankruptcy case docket shows that the chapter 13 trustee filed a final report on February 2, 2007 informing that the Debtors had completed their chapter 13 plan. The trustee's report discloses payments to Banco Santander de Puerto Rico.

PRAMCO violated the discharge injunction provisions of the Bankruptcy Code by continuing its collection efforts to collect on Plaintiffs' discharged debt.

On September 3, 2008 Defendant filed a Motion to Dismiss and Memorandum of Law in Support Thereof (Docket No. 13) alleging that Plaintiffs' action is barred by the doctrine of *res judicata*, which guards against claim-splitting. Defendant alleges that both of Plaintiffs' complaints are based upon the same set of facts, that Plaintiffs' right of action is in its nature entire and indivisible and, thus, may not be split up into several causes of action and sued piecemeal (Motion to Dismiss, p. 5). Defendant also argues that the dismissal with prejudice in the adversary proceeding against PRAMCO bars the complaint against Defendant because it stems from the same transaction and set of facts (Motion to Dismiss, p. 5). Defendant argues that the elements for a claim to be precluded, as established in <u>Porn v. National Grange Mutual Ins. Co.</u>, 93 F. 3d 31, 34 (1st Cir, 1996), were met; that is, a final judgment on the merits in an earlier action, sufficient identity between the causes of action asserted in both suits, and sufficient identity between the parties in the two suits. In the alternative, Defendant argues that this adversary proceeding should be dismissed under Fed. R. Civ. P. 19(b) for failure to join an indispensable party (PRAMCO) in this proceeding.

In its opposition Plaintiffs' argue that the doctrine of *res judicata* is not applicable as one of its three components was not satisfied, namely, a final judgment on the merits was not entered in the adversary proceeding against PRAMCO. Plaintiffs do not discuss in their opposition whether the other two components of the three prong test necessary to establish claim preclusion were met by the Defendant. Plaintiffs' position is that a voluntary dismissal achieved by means of a joint stipulation with prejudice does not constitute a final judgment on the merits.

Subsequently, Defendant filed a Motion Requesting Leave to File Reply to Opposition to Motion to Dismiss and Submitting Tendered Reply Subject to the Court's Leave to File the Same (Docket No. 22). In this motion Defendant reasserts its position that a voluntary dismissal by means of a joint stipulation is an adjudication on the merits for claim preclusion purposes.

Applicable Law and Analysis

*Standard for Granting a Motion to Dismiss*

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6), which provides

3

that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading.

For purposes of a motion to dismiss, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its factual allegations are taken as true, and (3) all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader." Wright & Miller Federal Practice and Procedure: Civil 3d § 1357 at 417, citing Viera Marcano v. Ramirez Sanchez, 224 F. Supp. 2d 397 (D.P.R. 2002). See also, Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). The plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Id., citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). See also, LaChapelle v. Berkshire Life Insurance Company, 142 F.3d 507, 508 (1st Cir. 1998) (In considering a motion to dismiss under Rule 12(b)(6), the court must "determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory.")

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Federal Practice and Procedure §1357 at 571, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also, In re Diamond, 346 F.3d 224 (1st Cir. 2003); Leopoldo Fontanillas, Inc. v. Luis Ayala Colon Sucesores, Inc., 283 F. Supp.2d 579 (D.P.R. 2003); Eastern Food Services, Inc. v. Pontifical Catholic University of Puerto Rico Service Association, Inc., 222 F. Supp.2d 131, 134 (D.P.R. 2002). Therefore, "the question on a motion to dismiss under Rule 12(b)(6) is whether in the light most favorable to the plaintiff, and with every doubt resolved in the pleader's behalf, the complaint states any legally cognizable claim for relief." Id. at 640. "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

*The Doctrine of Res Judicata*

"*Res judicata* makes a valid final judgment conclusive on the parties... and prevents relitigation of all matters that were or could have been adjudicated in the action. This doctrine is sometimes known as "merger and bar," nomenclature that emphasizes the doctrine's role in guarding against claim splitting." Andrew Robinson Int'l, Inc. v. Hartford Fire Insurance Co., 547 F.3d 48, 52 (1st Cir. 2008) (citations omitted). Issues surrounding the application of the doctrine or *res judicata* may arise because of the exercise of concurrent jurisdiction by state and federal courts over similar claims based upon similar facts and involving the same parties. Suarez Cestero v. Pagan Rosa, 198 F. Supp. 52 73, 84 (D.P.R. 2002). "The doctrine of *res judicata*, now called claim preclusion, forecloses litigation of all matters which have been litigated or might have been litigated in an earlier case. The rule of collateral estoppel, now termed issue preclusion, precludes re-litigation of issues actually adjudicated." Id., citing 18 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction, § 4402, 4404 (1981).

In this case both the allegedly precluding suit and the allegedly precluded suit were filed in federal courts. Thus, federal law governs the *res judicata* effect of the first judgment. Mass. School of Law at Andover v. American Bar Assoc., 142 F. 3d 26, 37 (1st Cir. 1998) (citation omitted). A three prong test is used to determine whether *res judicata* precludes litigation of a party's claims, to wit, (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits. Perez v. Volvo Car Corporation, 247 F. 3d 303, 311, (1st Cir. 2001); Gonzalez v. Banco Cent. Corp., 27 F. 3d 751, 755 (1st Cir. 1994), Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F. 3d 576, 583 (1st Cir. 1995); Porn v. National Grange Mutual Ins. Co., 93 F. 3d at 34.

The first prong of the test needed to satisfy claim preclusion under the *res judicata doctrine* is whether a final judgment on the merits was obtained in the adversary proceeding against PRAMCO. The adversary proceeding against PRAMCO culminated with a Joint Stipulation of Voluntary Withdrawal of Complaint filed on May 8, 2008 pursuant to Rule 7041 of the Bankruptcy Procedure, dismissing the PRAMCO case with prejudice. The issue presented before this court is whether a Joint Stipulation of Voluntary Withdrawal with prejudice constitutes a final judgment on

the merits.

Our analysis starts by stating that, "the principle that a judgment be *on the merits* before it can be the basis for claim preclusion was established long ago. Modern opinions continue to refer to the principle. However, the term is misleading, because many dispositions short of trial are considered 'on the merits' for claim preclusion purposes even though the validity of some or all of the theories of liability, claims for relief, and defenses of the parties may remain undetermined." Moore's Federal Practice Civil §131.30 (3)(a).

A voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the *res judicata* criterion. See United States v. Cunan, 156 F. 3d 110 (1st Cir. 1998); Langton v. Hogan, 71 F. 3d 930, 935 (1st Cir. 1995). Also, a voluntary dismissal under Fed. R. Civ. P. 41(a) by which the parties intend to put and end to their claims by means of a joint stipulation with prejudice is considered to be a judgment on the merits for claim preclusion purposes and is an exercise of judicial power having a presumption of validity. Moore's Federal Practice Civil §131.30 (3)(c)(ii). Thus, the voluntary dismissal by way of a joint stipulation with prejudice under Rule 7041(a)(1)(A)(ii) of the Bankruptcy Procedures which is analogous to Fed. R. Civ. P. 41(a)(1)(A)(ii) is considered an adjudication on the merits for claim preclusion purposes. Furthermore, the dismissal of an action with prejudice pursuant to a settlement agreement constitutes a final judgment on the parties and precludes parties from reasserting the same claim in a subsequent action. See Union of Operating Eng'rs v. Karr, 994 F. 2d 1426, 1429 (9th Cir. 1993); In re Dominelli, 820 F. 2d 313, 316-317 (9th Cir. 1987); Astron Indus. Assocs, Inc. v. Chrysler Motors Corp., 405 F. 2d 958 (5th Cir. 1968).

The Plaintiffs in their "Opposition to Motion to Dismiss" cite the case of American Cyanamid Company v. Capuano, 381 F. 3d 6 (1st Cir. 2004) to sustain their argument that, "this type of dismissal cannot be used as the bases of res judicata since no issues or facts were resolved nor any question of law. Therefore, it is not a ruling on the merits" (Opposition to Motion to Dismiss, p. 3). In American Cyanamid Company v. Capuano the specific issue before the United States Court of Appeals for the First Circuit, and which is relevant to the case at hand, is whether under the doctrine of *res judicata*, Rohm and Haas Company ("R&H") was precluded from seeking contribution against Capuano.

American Cyanamid dealt with an action under the Comprehensive Environmental Response,

Compensation and Liability Act ("CERCLA") §§ 101-405, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. §§ 9601-9675 brought by R&H whose hazardous waste was deposited at the Picillo site against a group of people who were involved with the site. American Cyanamid Company v. Capuano, 381 F. 3d at 9. R&H had entered into multiple settlement agreements and dismissal agreements which were approved by the district court in which the parties which entered these agreements also sued in the King Industries case. American Cyanamid v. Capuano, 381 F. 3d at 16. Some of these settlement agreements included dismissals with prejudice. Capuano's position was that the dismissals with prejudice were judgments on the merits and thus are barred by the doctrine of *res judicata*. However, the court established that, "a dismissal with prejudice contained in a consent decree is 'not a ruling on the merits... [that] applies *to others* under the law of claim preclusion. American Cyanamid Company v. Capuano, 381 F. 3d at 17 quoting Langton v. Hogan, 71 F. 3d 930, 935 (1st Cir. 1995). The First Circuit held that the claims asserted by R&H against the Capuanos do not have a *res judicata* effect because (1) the Capuanos were not defendants in the King Industries case and were not parties to any of the settlement agreements, meaning that there is no identicality between the parties in the two suits; (2) at the time of the King Industries lawsuit, R&H could not pursue a claim against the Capuanos because the groundwater remediation had not yet occurred and the Capuanos had contribution immunity for claims relating to the soil remediation, meaning that there was no sufficient identicality between the cause of action asserted in the earlier and later suit; and (3) the "two dismissal rule" under Fed. R. Civ. P. 41(a)(1) is not applicable because the defendants are not the same nor were they in privity with the defendants in King Industries. See American Cyanamid Company v. Capuano, 381 F. 3d at 17. The First Circuit held that the *res judicata* doctrine does not apply to the claim presented by R&H for the reasons stated above, however, the decision does not conclude that a voluntary dismissal by joint stipulation with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii) is not an adjudication on the merits for claim preclusion purposes.

In light of the above discussion regarding the first prong of the claim preclusion test, this court finds that a voluntary dismissal by joint stipulation with prejudice is a judgment on the merits.

The First Circuit has adopted the "transactional" approach to determine whether causes of action are sufficiently related to support a *res judicata defense*. Massachussetts Sch. of Law at Andover, Inc. v. American Bar Ass'n., 142 F. 3d 26, 38 (1st Cir. 1998); Porn v. National Grange Mutual Ins. Co., 93 F.3d at 34 citing Manego v. Orleans Bd. of Trade, 773 F. 2d 1, 5 (1st Cir. 1985), cert. denied, 475 U.S. 1084, 89 L. Ed. 2d 722, 106 S. Ct, 1466 (1986); Aunyx Corporation v. Canon U.S.A., Inc., 978 F. 2d 3, 11 (1st Cir. 1992); Gonzalez v. Banco Cent. Corp., 27 F. 3d at 755. Under this approach, a valid and final judgment in the first action will extinguish subsequent claims " 'with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" Porn v. National Grange Mutual Ins. Co., 93 F.3d at 34 quoting Restatement of the Law, Second, Judgments §24 (1982)). The court determines the factual grouping which constitutes a "transaction" pragmatically, giving weight to such factors as " whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." Porn v. National Grange Mutual Ins. Co., 93 F.3d at 34 citing Restatement §24; Aunyx Corporation v. Canon U.S.A., Inc., 978 F. 2d at 7. However, these factors are suggestive and are not intended to be exhaustive, nor is any one factor determinative. Porn v. National Grange Mutual Ins. Co., 93 F.3d at 34. Therefore, we must analyze whether the facts underlying the willful violation of the discharge injunction in the PRAMCO and Banco Santander adversary proceedings are related in time, space, origin or motivation, and whether, they arise out of the same transaction, seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis. Porn v. National Grange Mutual Ins. Co., 93 F. 3d at 34 citing Kale v. Combined Ins. Co, of Am., 924 F. 2d 1161, 1166 (1st Cir.), cert. denied, 502 U.S. 816, 116 L. Ed. 2d 44, 112 S. Ct. 69 (1991).

The facts underlying the two different complaints stem from different transactions or occurrences (which are not sufficiently identical) that involve the violation of the discharge injunction by different parties which are not related to one another. Upon comparison of both complaints, the only pleading (claim) that they have in common is that Defendant and PRAMCO jointly sent a letter to the Plaintiffs informing the same that the debt had been sold to PRAMCO, and requesting that payments be made to PRAMCO. However, the claim in the adversary proceeding against PRAMCO

is derived from PRAMCO's separate and independent violations of the discharge injunction which do not stem from the same common nucleus of operative facts as the alleged violations of the discharge injunction by Banco Santander. That is, that despite the fact that there is an alleged discharge injunction violation which was jointly caused by Defendant and PRAMCO, the other alleged violations of the discharge injunction which were caused by these two different entities (PRAMCO and Banco Santander) are separate and independent and do not stem from the same transaction or the same nucleus of operative facts. The complaint against Banco Santander pleads that the same violated the discharge injunction by selling and transferring Plaintiffs' discharged without notice of its discharged status and sending a written statement informing Plaintiffs that their debt (obligation) was sold to PRAMCO and requesting that all payments be sent to PRAMCO (paragraphs 20 and 24 of complaint).

Furthermore, these facts do not form a convenient trial unit to the extent the witnesses or proof needed in the second action do not overlap substantially with the witnesses or proof relevant to the first as the claims alleged in the complaints stem from substantially different transactions. See Porn v. National Grange Mutual Ins. Co., 93 F.3d at 36 citing Restatement §24. This inquiry focuses upon what would happen at trial. Iannochino v. Rodolakis, 242 F. 3d 36, 47 (1st Cir. 2001) citing Restatement (Second) of Judgments §24 cmt. b (1982).

Finally, as to the parties' expectations, we are guided by the principle that, where "two claims arose in the same time frame out of similar facts, one would reasonably expect them to be brought together." Iannochino v. Rodolakis, 242 F. 3d at 48 citing Porn v. National Grange Mutual Ins. Co., 93 F. 3d at 37. In the present case, the two claims for willful violation of the discharge injunction arose at different times and from different facts or transactions, thus one would expect the claims be brought separately under different cases. Thus, because the claims are independent and separate it would be expected that they be brought under different cases or complaints by the Plaintiffs.

In summary, applying the transactional test to this adversary proceeding, the court concludes that the two lawsuits involve different causes of action which stem from different transactions which occurred at different times.

The third requirement for claim preclusion requires sufficient identicality between the parties

9

in the two suits.  A prior judgment obtained on a lawsuit bars a subsequent action on the same claim only between the same parties or their privies. Moore's Federal Practice Civil §131.40 (1).  The Supreme Court established that, "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service or process." Hansberry v. Lee, 311 U.S. 32, 40, 61 S. Ct. 115, 85 L. Ed. 22 (1940).  The Hansberry principle establishes that preclusion may not be used in an action by or against a person who was not a party in a prior adjudication. Id.  However, the term "parties" in light of the requirement of identicality between the parties for claim preclusion purposes refers to parties in interest, meaning those parties whose interest are so closely related that a judgment against one should preclude all. Moore's Federal Practice Civil §131.40 (3)(a) quoting Latham v. Wells Fargo Bank, N.A., 896 F. 2d. 979, 983 (5th Cir. 1990). Traditionally, courts have referred to a "party" as a party of record and referred to nonparties who are subject to the preclusive effect of the judgment as being in "privity" with a party. See Richards v. Jefferson County, 517 U.S. 110, 129-130, 103 S. Ct. 1761, 135 L. Ed. 2d 76, 84 (1996).  Given that there is no specific rule or test for determining privity the same is identified by specific relationships between parties and nonparties that may preclude nonparties. Moore's Federal Practice Civil §131.40 (3)(a) quoting the Restatement (Second) of Judgments Ch.1 intro. 13-14.

Generally to justify claim preclusion, a nonparty will be considered in privity, or sufficiently close to a party in the prior suit in three situations: (1)  a nonparty who has succeeded to a party's interest in property is bound by any prior judgments against that party, (2)  a nonparty who controlled the original suit will be bound by the resulting judgment, and (3) federal courts will bind a nonparty whose interests were represented adequately by a party in the original suit. Ford Gas Co.  v. Wanda Petroleum Co., 833 F. 2d 1172, 1174 (5th Cir. 1987), Freeman v. Lester Coggins Trucking, Inc. ,771 F. 2d 860,864 (5th Cir. 1985) quoting Southwest Airlines Co. v. Texas International Airlines, 546 F. 2d 84,95 (5th Cir.).  Privity will not exist if either a preexisting legal relationship or identity of interests is missing from the equation. Moore's Federal Practice Civil §131.40 (3)(a).

Defendant in its Motion to Dismiss argues that there is a close relationship or privity of interest between the assignor Santander and the assignee PRAMCO. Defendant cites the case of In Re El San

10

Juan Hotel Corporation, 841 F.2d 6 (1st Cir. 1988), to sustain its position that the requirement of sufficient identicality of the parties is met because there is a close relationship or privity of interest between Defendant and PRAMCO. In In Re El San Juan Hotel Corporation, one of the issues before the court was whether nonmutual claim preclusion was appropriate, meaning whether a party not involved in the earlier action may deflect the lawsuit because he should have been, but was not, included in the earlier suit. In Re El San Juan Hotel Corporation, 841 F. 2d at 10. To support its holding, the First Circuit incorporates the rationale that, "[o]ther courts have concluded that a version of claim preclusion is appropriate in these circumstances if the new defendants have a close and significant relationship with the original defendants, such as when the new defendants were named as conspirators in the first proceeding but were not joined in the action." In Re El San Juan Hotel Corporation, 841 F. 2d at 11 citing Gambocz v. Yelencsics, 468 F. 2d 837, 841 (3rd Cir. 1972). Preclusion is appropriate "only if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance." In Re El San Juan Hotel Corporation, 841 F. 2d at 11 citing 18 Wright & Miller §4464, at 589. In this particular case, the court concluded that, "with regard to these allegedly joint harms, it is evident that Cuprill [trustee's counsel] as the co-perpetrator, shared a significant relationship with Rodriguez [trustee]." In Re El San Juan Hotel Corporation, 841 F. 2d at 11. The court held that the defendants were co-perpetrators of the harming act, and shared a significant relationship, thus the claim preclusion factor of identicality of the parties was satisfied. However, in the present case there are several independent and separate pleadings in the complaint that simply do not allege that Defendant and PRAMCO were co-perpetrators of the different violations of the discharge injunction nor that they share a significant relationship. Only one of the pleadings of the complaint alleges that Defendant and PRAMCO were co-perpetrators in one of the violations of the discharge injunction. Furthermore, Defendant fails to establish how these two different entities are closely related other than as the assignor and the assignee.

In this case, the Plaintiffs are the same in both adversary proceedings but the defendants are different. The next question to be answered is whether the defendants, though not identical, are sufficiently in privity to satisfy this element. According to the pleadings in this adversary proceeding,

11

the only relationship that exists between Defendant and PRAMCO is that of a business relationship in which Defendant allegedly sold, transferred, assigned or conveyed to PRAMCO Plaintiffs' discharged debt (paragraph #19 of complaint). This type of business relationship does not construe privity between these two separate entities since they are not under common control or share a common economic interest in attempting to satisfy Plaintiffs' discharged debt. This court finds that there is no identicality between Defendant and PRAMCO since they are separate and unrelated corporations that do not share a common economic interest.

*Failure to Join an Indispensable Party*

In the alternative, Defendant has presented to the court the position that this adversary proceeding be dismissed under Fed. R. Civ. P. 19(b)for failure to join PRAMCO. Fed. R. Civ. P. 19 states in part the following:

"(a) Persons Required to Be Joined if Feasible.
(1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) **Joinder by Court Order**. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
(3) **Venue**. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
(b) **When Joinder Is Not Feasible**. If a person who is required to be joined is feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19.

Before analyzing whether Fed. R. Civ. P. 19(b) applies to this case, the court must first determine whether the joinder of PRAMCO as described in Fed. R. Civ. P. 19(a) is desirable but not feasible. See Wright & Miller Federal Practice and Procedure: Civil 3d §1608 at 91. A necessary precursor to a decision under Fed. R. Civ. P. 19(b) is a decision under Fed. R. Civ. P. 19(a). See United States v. San Juan Bay Marina, 239 F. 3d 400, 405 (1st Cir. 2001). "Rule 19(b), which governs indispensable parties, works in two steps. Step one requires the district court to decide whether a person fits the definition

12

of those who should "be joined if feasible" under Rule 19(a)." Pujol v. Shearson American Express, 877 F. 2d 132, 134 (1st Cir. 1989) referring to Provident Tradesmens Bank v. Patterson, 390 U.S. 102, 118, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968). "If the person is a 'necessary' party (i.e., fits the definition of 19(a)), but joinder is not feasible, the court must take step two. It must decide, using four 'factors,' whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Pujol v. Shearson American Express, 877 F. 2d at 134.

The first step is to determine whether PRAMCO is a necessary party under Fed. R. Civ. P. 19(a). Necessary parties are those, "who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." Shields v. Barrow, 58 U.S. 130, 139 15 L. Ed. 158 (1855). "Thus, when applying Rule 19(a), a court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." Pujol v. ShearsonAmerican Express, Inc., 877 F. 2d at 134. Despite the fact that Fed. R. Civ. P. 19(a) no longer contains the word "necessary," the term as been retained by the courts as a convenient shorthand for the Rule 19(a) determination. Picciotto v. Continental Casualty Company, 512 F. 3d 9, 16 (1st Cir. 2008) referring to Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d, 399, 404 n.4 (3rd Cir. 1993) (citing Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. at 116 n. 12). A party only has to satisfy one of the three criteria of Fed. R. Civ. P. 19(a) to be deemed necessary. Picciotto v. Continental Casualty Company, 512 F. 3d at 16.

In this case, the analysis of Fed. R. Civ. P. 19(a) consists in determining whether PRAMCO's absence from this adversary proceeding would "impair or impede" Defendant's "ability to protect its interest" or if the case would leave Defendant subject to multiple obligations. See Picciotto v. Continental Casualty Company, 512 F. 3d at 16. If Defendant fails to satisfy this test, it is not even a "Rule 19(a) person" who should be joined "if feasible," let alone a Rule (19(b) "indispensable party." See Pujol v. Shearson American Express, Inc., 877 F. 2d at 135. This court finds that PRAMCO is not an indispensable party to this adversary proceeding because as previously discussed the violations of the discharge injunction allegedly committed by PRAMCO and Banco Santander are independent and separate, meaning that they stem from a different nucleus of operative facts. Furthermore, it has not

13

been established that there is privity or any type of relationship between Defendant and PRAMCO, except as seller and buyer of debt obligations. This court finds that Defendant did not establish the indispensability of PRAMCO as a necessary party. PRAMCO's absence in this adversary proceeding does not impair or impede in any manner Defendant's ability to protect its interest in this lawsuit.

Since this court has determined that PRAMCO is not a necessary party under Fed. R. Civ. P. 19(a) we find it unnecessary to proceed to the second part of the analysis, that is of Fed. R. Civ. P. 19(b).

Conclusion

For the reasons stated above, this court finds that the three prong test of the res judicata doctrine for claim preclusion is not met and thus Plaintiffs are not barred from ensuing their claim against Defendant. The court also holds that PRAMCO is not an indispensable party to this adversary proceeding and Fed. Rule Civ. P. 19 is inapplicable and thus this court finds no reason to dismiss said adversary proceeding.

In view of the foregoing, Defendant's motion to dismiss is hereby DENIED.

SO ORDERED.

In San Juan, Puerto Rico, this _10_th day of March 2009.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

14